IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-883

JENNA PORTIS, Individually and for Others Similarly Situated,

Plaintiff,

v.

APFS STAFFING, Inc.,

Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant APFS Staffing, Inc. ("APFS"), by and through its counsel, Andrew D. Ringel, Esq. of Hall & Evans, L.L.C., hereby respectfully files this Notice of Removal to remove the above-entitled action from the District Court, City and County of Denver, State of Colorado (the "State Court"), in which the action is currently pending, to the United States District Court for the District of Colorado on the grounds this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal. In support of this Notice of Removal, APFS states as follows:

**STATE COURT ACTION**

1. On or about January 30, 2025, Plaintiff Jenna Portis ("Plaintiff") filed a Complaint in the State Court, styled as *JENNA PORTIS, Individually and for Others Similarly Situated v. APFS STAFFING, INC.*, Case No. 2025-CV-30382 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On February 17, 2025, APFS's registered agent for service of process was served with the following documents:

**Exhibit A:** Complaint

**Exhibit B:** Summons

**Exhibit C:** Civil Case Cover Sheet

**Exhibit D:** Delay Reduction Order

**Exhibit E:** Pre-Trial Order

3. In addition, on March 7, 2025, APFS filed an Unopposed Motion for Extension of Time to Respond to Plaintiff's Class Action Complaint and Jury Demand from Defendant APFS Staffing, Inc. (**Exhibit F)** which the State District Court granted in an Order dated March 11, 2025 (**Exhibit G)**. APFS is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

4. In accordance with 28 U.S.C. § 1446(d), APFS will provide contemporaneous written notice of this Notice of Removal to Plaintiff, the adverse party, and to the Clerk of the State Court.

## TIMELINESS OF REMOVAL

5. This action has not previously been removed to federal court.

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." APFS has filed this Notice of Removal within 30 days of February 17, 2025, the date on which Plaintiff served APFS with the Complaint. Accordingly, this action

is being removed within 30 days of the first date upon which APFS was served with any paper giving them knowledge that the action was indeed removable.

**REMOVAL JURISDICTION – DIVERSITY**

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b), and all other applicable bases for removal.

8. As required by 28 U.S.C. § 1441, APFS seeks to remove this case to the United States District Court for the District of Colorado which is the district embracing the place where the State Court Action has been filed.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by APFS, because (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and APFS, on the other hand; and (2) the amount in controversy exceeds $75,000.00.

10. In accordance with 28 U.S.C. § 1446(d), APFS will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

**CITIZENSHIP OF PARTIES**

11. **Plaintiff's Citizenship.** The Complaint alleges Plaintiff worked for APFS in the City and County of Denver, Colorado from June 2022 to approximately June 2023. *See* Exh. A (Complaint), ¶ 14. The Complaint also alleges that Plaintiff currently resides in California. *Id.* ¶ 13.

12. Thus, APFS is informed and believes and thereon alleges that Plaintiff is currently domiciled in California and intends to indefinitely remain living continuously in California. Accordingly, Plaintiff is a resident and citizen of the State of California for purposes of traditional

diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also, e.g., **State Farm Mut. Auto. Ins. Co. v. Dyer***, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship); ***Mondragon v. Capital One Auto Fin.***, 776 F.3d 880, 885-86 (9th Cir. 2013) (person's continuing domicile in a state establishes citizenship for purposes of removal "unless rebutted with sufficient evidence of change"); ***Lew v. Moss***, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address).

13. **APFS's Citizenship.** APFS is a Delaware corporation with its principal place of business in Illinois. APFS's corporate officers who direct, control, and coordinate its corporate activities are primarily situated at its corporate headquarters in Chicago, Illinois.

14. At all relevant times, neither APFS nor any of its members have been incorporated or organized in California and have not had their principal places of business in California. *See* 28 U.S.C. § 1332 (c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also **Hertz Corp. v. Friend**,* 130 S.Ct. 1181, 1192 (2010) (for purposes of removal, the "principal place of business" is determined by the "nerve center" test whereby an entity is deemed to be a citizen of the State where its officers direct, control and coordinate activities).

15. Thus, APFS is not now, and was not at the time of the filing of the Complaint in this action, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal of causes. APFS is now, and has been since this action commenced on January 30, 2025, a citizen of the State of Delaware (by virtue of its incorporation) and a citizen of the State

of Illinois (by virtue of its principal place of business). *See* 28 U.S.C. § 1332(c)(1). Thus, complete diversity exists between Plaintiff and APFS.

**AMOUNT IN CONTROVERSY**

16. An action may be removed if the defendant establishes, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional amount. ***Romero v. State Farm Fire & Cas. Co***., No. 14-CV-03158-REB-KLM, 2016 WL 704612, at *1 (D. Colo. Feb. 23, 2016). There are several ways to meet this burden, including by "offering admissions the plaintiff made in state court; calculating the amount in controversy based on the types of damage alleged; or 'by reference to the plaintiff's informal estimates or settlement demands.'" ***McPhail v. Deere & Co***., 529 F.3d 947, 954 (10th Cir. 2008) (quoting ***Meridian Security Ins. Co. v. Sadowski***, 441 F.3d 536, 541-42 (7th Cir. 2006)). The defendant must show contested factual assertions in the case that make it possible that at least 75,000 dollars is at issue. ***McPhail***., 529 F.3d at 954-955. "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." ***Id***. at 955-956.

17. Indeed, when a defendant seeks to remove an action to federal court on grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation should be accepted [as true] when not contested by the plaintiff or questioned by the court." ***Dart Cherokee Basin Operating Co., LLC v. Owens***, 547 U.S. 81, 135 S.Ct. 547, 553 (2014); ***Arias v. Residence Inn***, 936 F.3d 920, 927 (9th Cir. 2019) ("[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'"). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." ***Szilagyi v.***

***Resourcing Edge, Inc****.,* No. 14-CV-01082-REB-MJW, 2014 WL 3543705, at *2 (D. Colo. July 15, 2014). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." ***Dart Cherokee***, 135 S.Ct. at 554.

18. The amount in controversy includes "the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." ***TBM Land Conservancy, Inc. v. Nextel W. Corp****.,* No. 15-CV-00134-PAB-KLM, 2016 WL 10674152, at *2 (D. Colo. Aug. 8, 2016); *see also* ***Miera v. Dairyland Ins. Co.***, 143 F.3d 1337, 1340 (10th Cir. 1998) (finding that "[t]he Supreme Court has long held that when a statute permits recover of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.").

***Plaintiff Seeks Damages in Excess of the Jurisdictional Threshold***

19. In this action, Plaintiff's Complaint asserts the following claims: (1) failure to pay overtime wages in violation of the Colorado Wage Claim Act ("CWCA"), the Colorado Overtime and Minimum Pay Standards Orders ("COMPS Orders"), and the Revised Municipal Code of the City and County of Denver, Colorado ("DRMC"); (2) failure to pay minimum wages in violation of the Colorado Minimum Wage Act ("CMWA"), COMPS Orders, and DRMC; (3) failure to pay earned wages in violation of the CWCA, COMPS Orders, and DRMC; and (4) civil theft of wages. Plaintiff's claims in the Complaint are asserted on both an individual and class action basis. *See* Exh. A.

20. Although Plaintiff does not allege a specific dollar amount she seeks to recover in connection with her individual claims, the Complaint expressly seeks, *among other things*, damages for "unpaid earned wages, unpaid minimum wages, unpaid overtime wages, liquidated

damages, treble damages, statutory damages, and any other penalties available" (Exh. A, Relief Sought, p. 15), as well as attorneys' fees and pre- and post-judgment interest. *Id.*

21. As discussed above, APFS may remove this action to federal court notwithstanding Plaintiff's failure to plead a specific dollar amount in controversy. To that end, APFS's Notice of Removal need include only a ***plausible*** allegation that the amount in controversy exceeds the jurisdictional threshold. ***Dart Cherokee***, 135 S.Ct. at 555. Moreover, APFS's allegations regarding federal court jurisdiction, including the amount in controversy, ***must be accepted as true*** unless and until otherwise contested. ***Id.*** at 553.

22. As set forth above, and necessarily assuming that Plaintiff will prevail on each claim asserted in the Complaint, the economic damages (including unpaid overtime wages and unpaid premium pay), statutory damages, waiting time penalties, and statutory attorneys' fees sought by Plaintiff establish that the amount-in-controversy exceeds $75,000.[1]

23. **Failure to Pay Overtime Wages (Counts I and V).**[2] Plaintiff alleges in her Count I that she was misclassified as an exempt employee and paid on a salary basis with no overtime compensation. Exh. A, ¶ 5. As a result of this alleged misclassification, Plaintiff alleges she is

[1] The amount in controversy calculations, as set forth below, are based on an assumption *for purposes of removal only* that the allegations of Plaintiff's Complaint regarding her theories of liability are true but without any type of express or implied admission that the conduct alleged in the Complaint occurred, that Plaintiff has suffered any damages, and that such liability in fact exists.

[2] Plaintiff's remaining Counts II, III, IV, VI, and VII are duplicative of Counts I and V in that they all arise from APFS's alleged failure to pay overtime wages and seek payment of those unpaid overtime wages. *See* Exh. A. Thus, the remaining Counts are not included for purposes of the amount of controversy analysis. APFS does acknowledge, however, that certain statutory damages and penalties may still be recoverable for these Counts.

entitled to receive overtime pay for all hours worked over eight per day as well as all hours worked over 40 per week in accordance with the CWCA, COMPS Orders, and DRMC.[3] *Id.*

a. In her Complaint, Plaintiff alleges that she "***regularly*** work[ed] 45 to 50 hours per workweek." Exh. A, ¶ 35 (emph. added). Based on this allegation, and accepting it as true solely for purposes of removal, APFS estimates that Plaintiff allegedly worked **<u>10 overtime hours per week</u>**.

b. Plaintiff's payroll records, as maintained by APFS in its ordinary course of business, show that Plaintiff worked and received a weekly salary of $865.20 over the course of **<u>54 weeks</u>**, from June 2022 through June 2023. Based on this, APFS estimates that Plaintiff earned approximately $46,720.80 from June 2022 through June 2023 ($865.20 x 54), exclusive of non-discretionary bonuses. Plaintiff's payroll records also show, however, that Plaintiff earned three non-discretionary bonuses during this time period in the following amounts: $3,071.08, $2,165.20, $2,302.70. Thus, APFS estimates that Plaintiff earned approximately $54,259.78 from June 2022 through June 2023, inclusive of non-discretionary bonuses.

c. With total earnings of approximately $54,259.78, Plaintiff's regular rate of pay during her employment would be $25.12 per hour ($54,259.78 ÷ 54 weeks = $1,004.81 per week ÷ 40 hours = $25.12). Based on this regular rate, Plaintiff's overtime rate of pay would be **<u>$37.68 per hour</u>** ($25.12 per hour ×

[3] Plaintiff acknowledges in her Complaint that her "claims for unpaid wages under the CWCA/CMWA and DRMC may be for the same, duplicative amounts and that they are only entitled to recover this amount once under either statute." Exh. A, p. 12, n. 2.

1.5 overtime premium multiple).

d. Based on the above, Plaintiff's alleged damages for unpaid overtime wages are calculated as follows:

54 weeks × 10 overtime hours per week × $37.68 per hour = $20,347.20

e. Plaintiff's Complaint further alleges that APFS is liable to Plaintiff for "treble damages in the amount of three times their [sic] unpaid overtime wages or $3,000, whichever is greater" under the CWCA. Exh. A, ¶ 105. APFS would therefore be liable to Plaintiff under the CWCA for treble the amount of $20,347.20 (*i.e.*, her alleged damages for unpaid overtime wages) which equals **$61,041.60**.

f. While Plaintiff concedes that her claims under the CWCA may be duplicative of her claims under the DRMC and thus she will only be able to recover unpaid wages under one statute (Exh. A, p. 12, n. 2), Plaintiff also alleges that the "liquidated damages, penalties, and interest under the DRMC claims are not duplicative." *Id.* Plaintiff therefore alleges that she is entitled to damages under the DRMC, including "interest at a rate of 12 percent per annum from the date the overtime wages were first due, a penalty in the amount of $100 to each Denver Class member whose rights under the DRMC were violated for each day that the violation occurred or continued, and liquidated damages in an

amount equal to three times the amount of unpaid overtime wages." *Id.* ¶ 146.[4] Thus, Plaintiff would be entitled to the following under the DRMC:

i. $20,347.20 (principal/unpaid overtime wages) x 12% per annum interest rate x 2.5 years (approximate length of time between Plaintiff's June 2022 start date at APFS and the filing of this Complaint on January 30, 2025) = **$6,104.16**

ii. $100 x 270 days (54 weeks x 5 work days) = **$27,000**

g. Accordingly, the total amount-in-controversy with respect to Plaintiff's individual claims for unpaid overtime (Counts I and V) is **$94,144.76**.

24. **Attorneys' Fees.** Plaintiff's Complaint seeks an award of attorneys' fees. *See* Exh. A, ¶¶ 106, 116, 127, 147, 159, 170 and Relief Sought, p. 16. It is well-settled in the Tenth Circuit that where attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *See* ***TBM Land Conservancy, Inc.,*** 2016 WL 10674152 at *2; *see also* ***Miera,*** 143 F.3d at 1340 (finding that "[t]he Supreme Court has long held that when a statute permits recover of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."). Here, if we assume conservatively that Plaintiff's counsel will spend 50 hours on

[4] While Plaintiff alleges that liquidated damages under the DRMC are not duplicative of liquidated damages under the CWCA, Rule 11.2 of the City and County of Denver's Civil Wage Theft Rules expressly states that "Denver Labor may impose damages of up to three times unpaid wages. These damages will not be cumulative of damages available under the Fair Labor Standards Act or Colorado Wage Act." Thus, liquidated damages are not included in APFS' amount in controversy analysis.

this complex wage-and-hour case at a rate of $400 per hour,[5] the amount-in-controversy for attorneys' fees would total at least **<u>$20,000</u>**, calculated as follows:

50 hours × $400 per hour = $20,000

25. **Total Amount-in-Controversy for Plaintiff.** As set forth above, the total amount-in-controversy for alleged unpaid overtime wages, inclusive of attorneys' fees is approximately no less than **<u>$114,144.76</u>** (94,144.76 + $20,000).

## <u>VENUE</u>

26. This is a civil action originally filed in the District Court, City and County of Denver County, Colorado. APFS is informed and believes the events allegedly giving rise to this action

---

[5] For purposes of this Notice only, APFS states $400 per hour is well within the average local market rate for attorneys in labor and employment matters in Denver, Colorado. *See e.g.,* In the ***Griego v. Arizona Partsmaster, Inc.***, No. 20-CV-0639-WJM-MEH, 2021 WL 1541709, at *4 (D. Colo. Apr. 20, 2021) (holding that the requested fee rate of $300 per hour is "well within the average fee rates in the practice area of labor and employment in Colorado."); ***Hayes v. Skywest Airlines***, 2018 WL 10884337, at *2–3, (D. Colo. July 2, 2018) (awarding attorney fee rate of $450 in ADA action); ***Stroup v. United Airlines, Inc.***, No. 15-CV-01389-WYD-STV, 2018 WL 10613861, at *8 (D. Colo. Dec. 5, 2018) (approving rates of $600 and $540 per hour for lead counsel and rates of $425 and $375 per hour for associate counsel in ADEA case); ***Hayes***, No. 15-cv-02015-REB-NYW (D. Colo. July 2, 2018) (approving rates of $450 per hour for lead civil rights counsel with 15 years of experience, $400 per hour for associate counsel and $150 per hour for paralegal); ***Kerner v. City and County of Denver***, No. 11-cv-00256-MSK-KMT (D. Colo. May 26, 2017) (approving rates of $500 per hour for lead counsel in a Title VII case, $375 per hour for associate counsel, and $150 per hour for paralegal); ***White v. Chafin***, No. 13-cv-01761-CMA-MJW, 2016 WL 9735066, *4 (D. Colo. Sept. 23, 2016) (approving rates of $500 per hour for lead counsel, $275-$450 per hour for co-counsel, and $150 per hour for paralegal); ***Martinez v. Valdez***, 125 F. Supp. 3d 1190 (D. Colo. 2015) (approving rates of $300-$500 per hour for counsel and $150 per hour for paralegal); ***Barnett v. Bd. of County Commissioners of Montrose***, No. 14-cv-01765-JAP-GPG, 2015 WL 13614118, *5 (D. Colo. Dec. 14, 2015) (approving rates of $400 per hour for lead counsel, $300 per hour for two attorneys each, and $75 per hour for a paralegal); ***Ebonie S. v. Pueblo School District** 60*, No. 09-cv-0858-WJM-MEH (D. Colo. March 22, 2016) (approving rates of $260-$475 per hour for attorneys with varying years of experience and $190 per hour for paralegal); ***Waller v. Lovingier***, No. 14-cv-02109-WYD-NYW (D. Colo. Dec. 5, 2017) (approving rates of $450 per hour for lead counsel and $150 per hour for paralegal).

occurred within this judicial district. Venue lies in this Court because the action is pending in this district and division. *See* 28 U.S.C. § 1441(a).[6]

35. Nothing in this Removal Notice is intended or should be construed as any type of express or implied admission by APFS of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of APFS's rights, claims, remedies, and defenses in connection with this action, including its right to compel individual arbitration of the claims asserted in this action, all of which are hereby fully and expressly reserved.

WHEREFORE, for all the foregoing reasons, Defendant APFS Staffing, Inc., respectfully requests this case be removed from the District Court, City and County of Denver, State of Colorado, this Court take jurisdiction of and enter such further orders as may be necessary and proper for the continuation of this action, and the Defendant be afforded such further relief as this Court deems just and appropriate.

[6] While venue is proper in this district, because this action arises out of an action pending against APFS in the Northern District of Illinois involving substantially the same underlying allegations and same Plaintiff's counsel, APFS reserves the right to request a change of venue pursuant to 28 U.S.C. § 1404(a).

Dated this 18th day of March, 2025.

Respectfully submitted,

*/s/ Andrew D. Ringel*

Andrew D. Ringel
HALL & EVANS LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Fax : (303) 628-3368
E-mail: ringela@hallevans.com

Michael R. Phillips
**MCGUIREWOODS LLP**
77 W Wacker Dr
Suite 4100
Chicago, IL 60601
Telephone: (312) 750-8902
E-mail: mphillips@mcguirewoods.com

**ATTORNEYS FOR DEFENDANT APFS STAFFING, INC.**

**CERTIFICATE OF SERVICE (CM/ECF)**

The undersigned hereby certifies that on this 18th day of March, 2025, a true and correct copy of the foregoing was filed by CM/ECF and was served on the following counsel:

Brian D. Gonzales
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Phone: (970) 214-0562
bgonzalez@coloradowagelaw.com

Michael A. Josephson
Andrew W. Dunlap
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

*/s/ Elizabeth Miller*
Elizabeth Miller, Legal Assistant
Hall & Evans, L.L.C.